IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KRALICEK and FLUSCHE, LLC; REITH PROPERTIES, LLC;
SAM REITH; NEAL MORRISON; SUZANNE MORRISON
HOLLOWAY; JAMES WESTPFHAL; JOHN PRZYBYSZ;
MAHAM, LLC; ZELLA SCHEER, as the personal representative
of the Estate of SHIRLEY ANN WHITE, deceased; ROCKIE HAMM;
BARBARA HAMM; GARY FINNEY; HAROLD CORLEY;
NATASHA TAYLOR; ALAN TAYLOR; and
POTTS FAMILY ENTERPRISES, LLC                                                                  PLAINTIFFS

v.                                          Case No. 2:13-CV-02227

WHIRLPOOL CORPORATION                                                                            DEFENDANT

**ORDER**

In an order issued on January 22, 2014, the Court informed the parties that it was considering consolidating the instant case with Case No. 2:13-CV-02228, *Wilkinson et al. v. Whirlpool Corporation*. The Court invited the parties to submit any objections or argument they wished to make on the subject of consolidation no later than February 5, 2014. In response, Plaintiffs filed a brief (Doc. 27) stating that they supported consolidation on pre-trial matters, including discovery, but opposed consolidation of the trial. Defendant did not file any response. Plaintiffs also asked that the Court reserve judgment on the issue of consolidation of the trial phase of these proceedings until after discovery was completed and the parties had the opportunity to present the Court with a joint trial plan.

Federal Rule of Civil Procedure 42(a) provides that if actions before the court involve a common question of law or fact, the district court in its discretion may consolidate the actions. While "consolidation is permitted as a matter of convenience and economy in administration," the

consolidated suits will still maintain their separate identities. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (internal quotation omitted).

Here, the actions involve nearly identical complaints asserting largely the same legal claims against the same Defendant. In addition, the same attorneys are involved in both cases. The Court observes that consolidation will save expenses and conserve resources for both the parties and the Court by eliminating duplicative discovery and preventing inconsistent pretrial rulings. No party will be prejudiced by the consolidation of these cases at this time; however, after pre-trial discovery has concluded and the matter is prepared for trial, the Court will reconsider whether consolidation continues to be appropriate. In particular, the Court will entertain prior to trial any motions the parties wish to make concerning whether the cases should be unconsolidated and tried separately.

Accordingly**, IT IS HEREBY ORDERED** that *Wilkinson et al. v. Whirlpool Corporation*, Case No. 2:13-CV-02228, is **CONSOLIDATED** with *Kralicek and Flusche, LLC et al. v. Whirlpool Corporation*, Case No. 2:13-CV-02227.

**IT IS FURTHER ORDERED** that, until further notice from the Court, all pleadings and other documents in the consolidated case are to be filed in *Kralicek and Flusche, LLC et al. v. Whirlpool Corporation*, Case No. 2:13-CV-02227.

**IT IS SO ORDERED** this 19th day of February, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE